Antwan Henry
11939 Canyon Valley Dr
Tomball TX 77377-7636

United States Courts
Southern District of Texas
FILED

AUG 29 2014

David J. Bradley, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | |
|---|---|
| Antwan Henry, ) | Case No.: _____ |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | **Declaratory Judgment, Quiet Title,** |
| ) | **Breach of Fiduciary Duty,** |
| BANK OF AMERICA, N.A., ) | **FDCPA (15 U.S.C. § 1692-1692o),** |
| AS SUCCESSOR BY MERGER TO ) | |
| BAC HOME LOANS SERVICING, LP ; ) | |
| ) | |
| THE BANK OF NEW YORK (n/k/a THE BANK ) | |
| OF NEW YORK MELLON), AS TRUSTEE ) | |
| FOR THE CERTIFICATEHOLDERS CWABS, ) | |
| INC. ASSET-BACKED CERTIFICATES, ) | |
| SERIES 2006-5 , ) | |
| ) | |
| Defendants. ) | **[ TRO AND INJUNCTION REQUESTED ]** |
| _____ ) | |

Comes now the Plaintiff and allege:

1. Plaintiff requests Temporary Restraining Order and Preliminary Injunction.

**Preliminary Statement**

2. Plaintiff has received a Notice of Acceleration and a Notice of Trustee's Sale.

1

3. Defendant BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, claiming to be a "Mortgage Servicer," intends to sell. **A sale is currently scheduled for September 2, 2014.**

4. The party conducting the sale is not authorized; the party claiming to be beneficiary is not the beneficiary; the party claiming to be trustee is not the trustee.

5. Allegations marked (*) will likely have evidentiary support after a reasonable opportunity for further investigation or discovery (see Rule 11).

## Jurisdiction and Venue

6. Jurisdiction is under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and the value in controversy exceeds $75,000.

7. Venue is proper because all events complained of occurred in this District.

## Parties

8. Plaintiff is a citizen of Texas, domiciled at 11939 Canyon Valley Dr, Tomball TX 77377-7636, legally described as:

> **LOT ONE (1), IN BLOCK TWO (2), OF CANYON GATE AT NORTHPOINTE, SECTION TWO (2), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 404083 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

(hereafter "the Property").

9. Defendant BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP ("BANA") is a foreign corporation doing business in Texas.

10. Defendant BANA can be served via its CEO, Brian T. Moynihan, address 100 N. Tryon St., Charlotte, NC 28255.

11. Defendant THE BANK OF NEW YORK (n/k/a THE BANK OF NEW YORK MELLON), AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-

COMPLAINT

2

BACKED CERTIFICATES, SERIES 2006-5 ("BNY") is a foreign corporation doing business in Texas.

12. Defendant BANA purports to be "Mortgage Servicer" for BNY.

13. Defendant BNY can be served via its CEO, Gerald L. Hassell, c/o THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, address One Wall Street, New York, NY 10005

14. Both Defendants are jointly and severally liable.

### Factual Allegations:

15. All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

### *OWNERSHIP AND POSSESSION*

16. Plaintiff was and is the owner of the Property.

17. The Property is located in a judicial district of Texas under the 1876 Constitution.

18. The Property is not located in territory owned by or subject to the exclusive legislative jurisdiction of the United States of America.

19. Plaintiff is, and has been, in continuous possession of the Property since on or about 05-JUL-5.

20. Plaintiff did not make a forcible entry into the Property.

21. Plaintiff is not unlawfully holding the possession of the Property by force.

22. Plaintiff and Defendant do not have a landlord-tenant relationship.

23. Plaintiff has never sold the Property.

24. Plaintiff has never intended to irrevocably grant or convey the Property to any party.

25. Plaintiff has never been served with any Notice of Default.

26. Plaintiff has never been served with any Notice of Trustee's Sale.

*THE DEED TO PLAINTIFF*

27. On 05-JUL-5, ROYCE MODEL HOMES, LP deeded the Property to Plaintiff, via a GENERAL WARRANTY DEED WITH VENDOR'S LIEN. This deed was recorded as 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.

28. Plaintiff's title comes from that GENERAL WARRANTY DEED WITH VENDOR'S LIEN.

*THE DEED OF TRUST*

29. On 7/05/05, a DEED OF TRUST (hereafter "DOT") was recorded as 610-6085-02-001-002.

30. The Deed of Trust states: "After Recording Return To: MILESTONE MORTGAGE CORPORATION, 10255 RICHMOND AVENUE, SUITE 450, HOUSTON, TEXAS 77042"

31. The Deed of Trust names "ANTWAN HENRY, A SINGLE PERSON" as "Borrower."

32. The Deed of Trust states:

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

33. Thus (assuming the Deed of Trust is valid), Plaintiff is contractually obligated to defend generally the title to the Property against all claims and demands.

34. Plaintiffs' contractual obligation, expressed in the mortgage as quoted above, is to protect the interests of the holder/owner/investor/real party in interest.

35. However, as of the date of the DOT, Plaintiff had neither ownership nor possession and was not lawfully seised of the estate.

36. The DOT was drafted by unknown attorneys, not by Plaintiff.

37. Plaintiff did not understand the DOT and was unaware of the meaning of "seised" as it is not taught in school, and never intended to sign a document containing a false statement.

38. (*) The holder/owner/investor/real party in interest is not either Defendant.

39. The DOT names NETWORK FUNDING, L.P. as "Lender."

40. (*) However, NETWORK FUNDING, L.P. did not lend any money to Plaintiff.

41. (*) NETWORK FUNDING, L.P. did not lend any credit to Plaintiff.

42. (*) The holder/owner/investor/real party in interest is not NETWORK FUNDING, L.P.

43. (*) NETWORK FUNDING, L.P.'s General Ledger accounting entries will show that NETWORK FUNDING, L.P. did not lend money.

44. (*) NETWORK FUNDING, L.P.'s General Ledger accounting entries will show that NETWORK FUNDING, L.P. did not lend credit.

45. The DOT names L. B. HODGES as "Trustee".

46. (*) L. B. HODGES did not know he had been named as Trustee. Therefore, L. B. HODGES did not know about his powers, and could not exercise his powers, and therefore had no powers and was not in substance a Trustee.

47. (*) Neither Defendant holds the note and the mortgage.

48. (*) Plaintiff is not in default on any loan encumbering the Property.

49. The Note referred to in the DOT is unsecured, as discussed below.

***THE NON-SECURITIZATION AND NON-PERFECTED LIEN***

50. Defendant's agent Barrett Daffin Frappier Turner & Engel, LLP claims the Note has been securitized, because the name of the purported "Mortgagee" is "THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-5," which is a typical securitization name.

51. (*) However, the Note was not securitized.

52. The endorsements and transfer and delivery never occurred (there was no "true sale").

53. The lender of record, as can be proven by following the money trail, is not and never was NETWORK FUNDING, L.P.

54. The mortgage originator, although designated as "lender" or even "beneficiary" is not the creditor even for a hypothetical instant in time.

55. The purported securitization did not take place but it was treated as though it were real.

56. The actual facts of the closing were that the mortgage originator and designated "lender," NETWORK FUNDING, L.P., was merely a mortgage broker.

57. Therefore, there is no perfected lien.

58. The loan was not intended to be a loan from the mortgage originator to the borrower.

59. The principal demanded on the NOTICE OF ACCELERATION is wrong because there was never an accounting for third party payments.

60. It is the payments made pursuant to the PSA and Assignment and Assumption agreement that need an accounting, which will be obtained in discovery.

61. There were payments made on behalf of the pool or the trust to the investors but that these payments did not reach the investors, or that they did not entirely reach the investors.

62. No attempt has been made to allocate the payments to the underlying supposed assets, which are not assets, as set forth above because the loans were never assigned into the pool.

63. The failure to identify the undisclosed principal creditor creates uncertainty as to who one would approach if they wanted a satisfaction of mortgage. If that is not apparent on its face, and it is an actual known fact that the originator is a straw-man, then the lien was never perfected.

64. A "perfected lien" in one that gives reliable notice about the debt and the creditor. The paperwork in the instant case does neither one, since it neither identifies the creditor nor does it describe the terms received by the creditor via the PSA and other securitization documents.

65. An unperfected lien is no lien at all and therefore cannot be foreclosed. But that is only a title issue — it does not address the issue of the obligation which surely arose because the borrower received the benefit of the funding of the loan from SOMEONE, even if he doesn't know who it is. So the objective is to prevent foreclosure and then leave the issue of damages for loss of money to anyone who can prove they actually lost money.

## *NO ELECTRONIC TRANSFER*

66. Plaintiff never gave his explicit agreement and authorization for his signature on any document to be transferred electronically.

67. Without that explicit agreement and authorization, the Note was not electronically transferable under the ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT (E-Sign) and the Uniform Electronic Transactions Act (UETA).

68. Without being electronically transferable, the Note could not lawfully be securitized.

## *NO CHAIN OF TRANSFERS*

69. (*) There is not an unbroken chain of transfers of the mortgage note from the originator to the trust.

70. (*) There was not a proper chain of transfers to include the originator, the sponsor, the depositor and the designated Trustee for the Trust.

71. (*) The Note was not endorsed to each named transferee by each necessary party in the chain of transfers.

72. (*) The Endorsements are not signed by an authorized agent of transferor.

73. (*) No proof of agency is referenced or attached to the Note.

74. (*) Defendant has a designated document custodian who holds the original notes for Defendant as well as all of the delivery and receipt certificates regarding the notes.

75. (*) No delivery receipt to document the transfer and delivery of the bearer note from the originator to the sponsor exists.

76. (*) No acceptance receipt to document the transfer and delivery of the bearer note from the originator to the sponsor exists.

77. (*) No delivery receipt to document the transfer and delivery of the bearer note from the sponsor to the depositor exists.

78. (*) No acceptance receipt to document the transfer and delivery of the bearer note from the sponsor to the depositor exists.

79. (*) No delivery receipt to document the transfer and delivery of the bearer note from the depositor to the Trust exists.

80. (*) No acceptance receipt to document the transfer and delivery of the bearer note from the depositor to the Trust exists.

81. (*) The designated document custodian for the Trust maintained possession of all such documents including the original bearer note.

## *THE NOTICE OF ACCELERATION*

82. On August 08, 2014, Barrett Daffin Frappier Turner & Engel, LLP mailed a NOTICE OF ACCELERATION to Plaintiffs, on behalf of purported "Mortgage Servicer" BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP ("BANA ").

83. However, BANA is not a Mortgage Servicer.

84. BANA is not the Mortgage Servicer for any loan encumbering Plaintiff's property.

85. BANA recently sold, or is in the process of selling, all its mortgage servicing rights to Nationstar so that it would not have to abide by the terms of a recent Consent Order.

86. That NOTICE OF ACCELERATION identified the "Mortgagee" as:

THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-5
c/o BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP
PTX-C-32
7105 CORPORATE
PLANO, TX 75024

(hereafter "BNY").

87. (*) However, BNY is not a Mortgagee of any mortgage or deed of trust encumbering Plaintiff's property.

## FIRST CAUSE OF ACTION
(Request for Declaratory Relief and Quiet Title)
(Against Both Defendants)

88. The paragraphs under "Parties" and "Factual Allegations" are incorporated here.

89. The real property described above is not in the actual possession of any person other than plaintiff.

90. (*) Defendants claim some interest adverse to plaintiff's in the real property described above.

91. (*) However, defendants' claim is without merit and defendants have no estate, title, claim, lien, or interest in the real property or any portion thereof.

92. Plaintiff has no plain, speedy, or adequate remedy at law.

93. There is a "justiciable controversy" as required for Declaratory Judgment.

94. The NOTICE OF ACCELERATION constitutes a notice of default.

95. BANA does not have ownership or possession of any promissory note encumbering the Property, neither by itself nor through any agent, officer, employee or principal.

96. BNY does not have ownership or possession of any promissory note encumbering the Property, neither by itself nor through any agent, officer, employee or principal.

COMPLAINT

9

97. Plaintiff request a declaration that neither Defendant is the owner or holder of any Note encumbering the Property; that neither Defendant has any secured interest in Plaintiffs' property; and that Plaintiff has no legal relationship with either Defendant; and that Plaintiff is the owner of the Property.

98. Plaintiff requests a declaration that the DEED OF TRUST, the NOTICE OF ACCELERATION, and the debt collection letter are void, and that the Note was not securitized, and that the debt is unsecured, and a quieting of title in Plaintiff's name.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty)
(Against Defendant BANA)

99. The paragraphs under "Parties" and "Factual Allegations" are incorporated here.

100. The purported mortgage service company, Defendant BANA, had a fiduciary duty to Plaintiff, to properly and timely apply all payments.

101. (*) Defendant BANA did not properly and timely apply all payments.

102. The faulty practices of the mortgage service company caused delays in Plaintiffs' mortgage payments.

103. As a result, Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
(Fair Debt Collection Practices Act)
(Against Defendant BANA)

104. It has been said that "the activity of foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." See, Hulse v. Ocwen Federal Bank FSB, 195 F.Supp.2d 1188 (2002).

105. However, Hulse relied on Heinemann v. Jim Walter Homes, Inc.,47 F.Supp.2d 716 (D.W.Va.1998), aff'd, 173 F.3d 850 (4th Cir.1999), in which the key passage is:

> Although not expressly raised in this particular count, Plaintiff may be attempting to raise a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§

COMPLAINT

10

1601-1693r. However, the statute of limitations relating to violations of the FDCPA is one year. 15 U.S.C. § 1692k(d). As can be seen from the recitation of the undisputed facts, the only activity which occurred after April 17, 1997, was the corrected publication of the notice of sale and the final trustee's sale. Since the trustees were not collecting on the debt at that time but merely foreclosing on the property pursuant to the deed of trust, these activities do not fall within the terms of the FDCPA. See, 15 U.S.C. § 1692a(6).

106. It is apparent that the issue was not expressly raised by the Heinemann plaintiff and was not argued or litigated by the parties. Thus, it was not exposed to the crucible of opposing views and thorough airing of the issues by litigants with something at stake.

107. The paragraphs under "Parties" and "Factual Allegations" are incorporated here.

108. None of the Defendants is a "mortgage company".

109. Defendant BANA is a "debt collector" as defined by 15 U.S.C. § 1692a (6) and devotes a substantial portion of its business to the collection of consumer debts, such as the alleged debt at issue in this litigation.

110. The debt alleged by BANA, at issue in this litigation, is covered as a debt as defined 15 U.S.C. 1692a (5), since it was incurred for the personal, family or household purposes of the Plaintiffs.

111. Plaintiff timely disputed all notices and claims of debt and demanded verification and validation.

### Count I

112. Defendants Bank of America, N.A. and Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP wrote a debt collection letter to Plaintiff.

113. On July 31, 2014, Plaintiff mailed a letter (the "Debt Dispute Letter") to Defendant BANA, disputing the debt and requesting verification and validation of the debt and everything that is permissible to request under the FDCPA.

114. On August 21, 2014, Blank Rome LLP on behalf of Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, responded to the Debt Dispute Letter with a letter ("the August 21 Letter").

115. However, the August 21 Letter did not satisfy the requirements of the FDCPA.

116. The August 21 Letter did not verify the debt.

117. The August 21 Letter did not correctly name the owner of the debt.

118. Bank of America, N.A. did not otherwise respond.

119. Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP did not otherwise respond.

120. BANA violated 15 U.S.C. § 1692g (b) by failing to obtain verification and validation of the alleged debt and mail copies thereof to the Plaintiff after it was timely disputed and demanded that verification and validation be sent to him.

121. As a result, Plaintiff was damaged in an amount to be determined at trial.

## Count II

122. Defendants Bank of America, N.A. and Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP wrote a debt collection letter to Plaintiff.

123. Plaintiff mailed a letter (the "Debt Dispute Letter") to Defendant BANA, disputing the debt and requesting verification and validation of the debt and everything that is permissible to request under the FDCPA.

124. BANA violated 15 U.S.C. § 1692g(b) by continuing to proceed with debt collection activities, including instituting foreclosure proceedings, without providing the required verification and validation.

125. As a result, Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

COMPLAINT

126. Plaintiff pray this honorable Court take jurisdiction of this case.

127. Plaintiff pray for Decrees and Judgments as follows:

128. Enjoin, immediately, both Defendants, their agents, officers, employees and principals, during the pendency of this action, and permanently thereafter, from recording any deeds or mortgages regarding the Property; from selling, assigning or transferring mortgages, trust deeds or obligations relating to the Property; from instituting, prosecuting, or maintaining non-judicial or judicial foreclosure proceedings against the Property; from instituting, prosecuting, or maintaining ejectment or F.E.D. proceedings against Plaintiffs; or from otherwise taking any steps to deprive Plaintiff of ownership and/or enjoyment of the Property.

129. On Plaintiffs' First Claim (Declaratory Judgment and Quiet Title):

    (a) Require defendant(s) and all persons claiming under defendant(s) to set forth the nature of their claims, if any, to the real property described in paragraph 1 herein;

    (b) Determine all adverse claims, if any, of defendant(s) and all persons claiming under defendant(s);

    (c) Declare Plaintiff to be the owners in fee simple of the real property described above and entitled to possession thereof, free of any estate, title, claim, lien, or interest in the premises or any portion thereof;

    (d) Enjoin defendant(s) and those claiming under defendant(s) from asserting any estate, title, claim, lien, or interest in the premises or any portion thereof;

    (e) Award Plaintiff their costs and disbursements incurred herein;

    (f) Declare that Defendant is not the owner or holder of any Note encumbering the Property; that Defendant has no secured interest in the Property; and that Plaintiff has no legal relationship with Defendant; and a declaration that the CORPORATE

ASSIGNMENT OF DEED OF TRUST and the APPOINTMENT OF SUCCESSOR TRUSTEE are void; and a quieting of title in favor of Plaintiff.

130. On Plaintiffs' Second Claim (Breach of Fiduciary Duty), such relief as the Court deems just and proper.

131. On Plaintiffs' Third Claim (FDCPA), such relief as the Court deems just and proper.


DATED: August 28, 2014          /s/ _Antwan Henry_
                                Antwan Henry, Plaintiff

14

COMPLAINT