IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTWAN HENRY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2497 |
| | § | |
| BANK OF AMERICA, N.A., BANK OF | § | |
| NEW YORK, WALTER INVESTMENT | § | |
| MANAGEMENT CORP., AND | § | |
| GREEN TREE LOAN SERVICING, LLC, | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Emergency Application for Temporary Restraining Order ("Plaintiff's Application") (Docket Entry No. 8). For the reasons stated below, Plaintiff's Application will be denied.

### I. Background

Defendant Green Tree Loan Servicing, LLC ("Green Tree") intends to sell Plaintiff's residence at a substitute trustee sale on December 6, 2015.[1] Green Tree claims to have a mortgage servicing agreement with defendant Bank of New York Mellon, the current mortgagee of a note and deed of trust secured by plaintiff's property.[2] Bank of New York Mellon appears to be in

---

[1] Notice of (Substitute) Trustee Sale, Exhibit D to Plaintiff's Application, Docket Entry No. 8-3.

[2] Id.

possession of the note, indorsed in blank, and the most recent assignee of the relevant deed of trust.[3] Plaintiff has offered no evidence to the contrary. Plaintiff has notified Green Tree that he disputes the alleged debt, and he has requested "verification and validation" pursuant to the Federal Debt Collection Practices Act.[4] Plaintiff does not appear to dispute that he is in default.

Plaintiff initiated this action on August 29, 2014, asserting causes of action for quiet title, breach of fiduciary duty, and violations of the Fair Debt Collection Practices Act.[5] At that time plaintiff requested a temporary restraining order and preliminary injunction.[6] The court denied that request.[7] The defendants have moved to dismiss Plaintiff's complaint for failure to state a claim.[8] Those motions remain pending.

---

[3]See Adjustable Rate Note, Exhibit A to Defendants Bank of America, N.A. as Successor by Merger to BAC Home Loans Servicing, LP and the Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-5's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support ("Motion to Dismiss"), Docket Entry No. 6-1; Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 6-2; Assignment of Deed of Trust, Exhibit C to Motion to Dismiss, Docket Entry No. 6-3.

[4]See Letter from Antwan Henry to Barret Daffin Frappier Teruner & Engel, L.L.P., November 17, 2014, Exhibit E to Plaintiff's Application, Docket Entry No. 8-3.

[5]Complaint, Docket Entry No. 1.

[6]Id.

[7]Order, Docket Entry No. 2.

[8]See Motion to Dismiss, Docket Entry No. 6; Defendants Walter
(continued...)

## II. Analysis

Plaintiff seeks a temporary restraining order to prevent the scheduled foreclosure sale.

> A movant for a preliminary injunction must demonstrate "(1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest."

Reeves v. Wells Fargo Home Mortgage, 431 F. App'x 304, 305 (5th Cir. 2011) (quoting Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991)). The court has carefully considered Plaintiff's Application together with the pleadings and evidence on file and concludes that Plaintiff has not shown a substantial likelihood of success on the merits.[9]

## III. Conclusion and Order

Having carefully considered Plaintiff's Application, the pleadings and evidence on file, and the relevant law, the court concludes that Plaintiff's Emergency Application for Temporary

---

[8](...continued)
Investment Management Corp.'s and Green Tree Servicing, LLC's Motin to Dismiss Plaintiff's Amended Complaint and Brief in Support, Docket Entry No. 7.

[9]Plaintiff's Application states that it is "supported by Plaintiff's Memorandum in Support of Ex Parte Emergency Application for Temporary Restraining Order . . . filed contemporaneously herewith," Docket Entry No. 8, p. 2, but no such memorandum was filed. The court has reviewed the Application and the attachments thereto.

Restraining Order (Docket Entry No. 8) should be and is hereby **DENIED**.

**SIGNED** at Houston, Texas, on this 5th day of January, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE